IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **COREY A. TAYLOR,**  )  <br> ) <br> **Plaintiff,**  ) <br> ) <br> v.  ) <br> ) <br> **TERRY S. CALIPER, R.N., H.C.N.A,**  ) <br> **DR. CLAUDIA KACHIGIAN, M.D.,**  ) <br> **Psychiatrist and CHERYL COUCH,**  ) <br> **Licensed Clinical Social Worker, in their** ) <br> **individual and official capacities,**  ) <br> ) <br> **Defendants.**  ) | **Case No.: 3:08-cv-00815-JPG-PMF** |

**REPORT AND RECOMMENDATION**

**FRAZIER, Magistrate Judge:**

Before the Court are two Motions to Dismiss (Docs. 17 & 21), both of which argue that Plaintiff – an inmate at Tamms – failed to exhaust his administrative remedies. Plaintiff opposes both these Motions (Docs. 25 & 26), and has submitted a Brief in Support of Oral Argument (Doc. 31).

**STANDARD OF REVIEW**

A complaint should be dismissed under Rule 12(b)(6) only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). When considering a motion to dismiss for failure to state a claim, the court must consider all allegations in the complaint in the light most favorable to the plaintiffs, *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974), and take all well pleaded facts and allegations as true. *Ed Miniat, Inc. v. Globe Life Ins. Group, Inc.,* 805 F.2d 732, 733 (7th Cir. 1986).

1

**FACTS**

On May 18, 2008, Plaintiff cut his upper forearm with a razor in an apparent suicide attempt while showering. After Plaintiff was given medical treatment, he was placed on suicide watch. Plaintiff was then placed in B-1-1 – an elevated security cell – for three days, until he was allowed to leave. Plaintiff admitted during the February 4, 2010 *Pavey* hearing that prior to, and following, his suicide attempt, he was provided with mental health treatment. It appears, however, that Plaintiff was not satisfied with the treatment he received, and stated that it was the allegedly deficient mental health treatment that led to his suicide attempt.

Attached to Plaintiff's Complaint is a letter from the Administrative Review Board ("ARB") of the Illinois Department of Corrections ("IDOC") and IDOC Director dated January 28, 2008, in response to Plaintiff's grievance in which he alleged that he was denied mental health treatment during the week of September 16, 2007. In addition to the letter from the ARB, Plaintiff attached several letters that he received from IDOC staff in response to informal complaints made by Plaintiff in the form of a February 3, 2008 letter to the Governor of the State of Illinois, as well as subsequent letters sent to various IDOC staff members, complaining about the lack of mental health treatment Plaintiff was being afforded. Plaintiff – during the *Pavey* hearing – admitted that the only grievance for which he completed a formal administrative remedy process was his alleged denial of mental health treatment during the week of September 16, 2007. Plaintiff conceded that there is no Seventh Circuit case law that allows for an informal grievance process. However, Plaintiff added that under 730 ILCS 5/3-8-8(c) – the statute which mandates the Director of IDOC to establish procedures to "allow committed persons to communicate grievances directly to the Director or some person designated by the Director outside of the institution or facility where the person is confined" – he is allowed to send informal letters to IDOC staff in order to satisfy the grievance process.

2

## ANALYSIS

Both Defendant Caliper and Defendants Kachigian and Couch in their respective Motions to Dismiss argue that Plaintiff has failed to exhaust his administrative remedies with regard to the claims set forth in his Complaint. Additionally, Defendant Caliper argues that dismissal of this action is proper because she did not deny Plaintiff mental health treatment. Without reaching a conclusion as to whether Defendant Caliper denied Plaintiff mental health treatment, the Court recommends that dismissal of Plaintiff's Complaint against Defendants Caliper, Kachigian, and Couch be granted due to the failure of Plaintiff to exhaust his administrative remedies for the following reasons.

While Plaintiff's Complaint is not the model of clarity, it seems obvious that his claims stem from an alleged denial of mental health treatment beginning sometime in late 2007 or early 2008. As previously mentioned, Plaintiff went through the formal grievance process with respect to his perceived denial of mental health treatment during the week of September 16, 2007. However, Plaintiff has failed to allege that the denial of mental health treatment during the week of September 16, 2007 directly led to his suicide attempt on May 18, 2008. Plaintiff does not dispute that he was provided with mental health treatment between the week of September 16, 2007 and his suicide attempt, nor does he dispute that he was provided with mental health treatment following his suicide attempt. Additionally, Plaintiff cannot point to a specific date or period of dates for which the lack of mental health treatment led to his suicide attempt. Rather, Plaintiff asserts that despite being provided with mental health treatment, the fact that he attempted suicide should provide a basis for his claim in this case. Therefore, it is clear that following the formal grievance process regarding the alleged lack of mental health treatment during the week of September 16, 2007, Plaintiff failed to file another formal grievance for the alleged subsequent lack of mental health treatment.

Further, Plaintiff does not seem to understand that 730 ILCS 5/3-8-8 is an enabling statute that directs IDOC to establish its own rules regarding the grievance process, rather than a specific rule that allows Plaintiff to satisfy the grievance process by sending IDOC staff letters complaining about the lack of mental health treatment Plaintiff is receiving.  Plaintiff has failed to provide the Court with any case law from this Circuit that allows an inmate to bypass the formal grievance process, and send complaints to IDOC staff through informal letters.  The fact that IDOC staff responded to Plaintiff's letters does not mean that Plaintiff has satisfied the formal grievance process – a prerequisite to filing suit under federal law. *42 U.S.C. § 1997(e)(a)*.  Therefore, there is no dispute that Plaintiff failed to complete the formal grievance process for the alleged lack of mental health treatment following the week of September 16, 2007.

## RECOMMENDATION

For the foregoing reasons, IT IS RECOMMENDED that Defendants' Motions to Dismiss (Docs. 17 & 21) be GRANTED, and Plaintiff's claim be DISMISSED against all Defendants.  Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objections thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

SO RECOMMENDED.

DATED:  <u>February 5, 2010.</u>

*s/ Philip M. Frazier*<br>
**PHILIP M. FRAZIER**<br>
**UNITED STATES MAGISTRATE JUDGE**