UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| COREY A. TAYLOR,<br><br>  Plaintiff,<br><br> v.<br><br>TERRY S. CALIPER, *R.N., H.C.N.A., in his individual and official capacity*, DR. CLAUDIA KACHIGIAN, *M.D., Psychiatrist, in her individual and official capacity*, and CHERYL COUCH, *Licensed Clinical Social Worker, in her individual and official capacity*,<br><br>  Defendants. | Case No. 08-cv-815-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on a Report and Recommendation (hereinafter "R&R") (Doc. 33), wherein Magistrate Judge Philip M. Frazier recommends that the Court grant Defendant Terry Caliper's Motion to Dismiss (Doc. 17) and Defendants Dr. Claudia Kachigian and Cheryl Couch's Motion to Dismiss (Doc. 21). Plaintiff Corey Taylor filed an Objection (Doc. 34) to said R&R, to which Defendants filed a collective Response (Doc. 35). Taylor also filed a Motion for Oral Argument (Doc. 36) on the issues discussed in the R&R.

For the following reasons, the Court, *inter alia*, **ADOPTS** the R&R (Doc. 33) **as modified herein**.

### BACKGROUND

The Court first notes that, while not labeled as such, both motions to dismiss are made pursuant to Federal Rule of Procedure 12(b)(6) in alleging that Taylor failed to exhaust his administrative remedies. *See, e.g.*, *Bridges v. Gilbert*, 557 F.3d 541, 545 (7th Cir. 2009) (acknowledging 12(b)(6) as the appropriate basis for motions to dismiss based upon plaintiff's

failure to exhaust).  The Court further notes that, while Magistrate Judge Frazier's R&R relies upon *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) for the applicable standard of review, *Conley* has since been abrogated by the more demanding *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).[1]  As will be seen, however, application of either *Conley* or *Twombly* dictates the same end result.

Pursuant to *Twombly*, courts must accept all factual allegations in the complaint as true and draw all reasonable inferences from those facts in favor of the plaintiff.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Tricontinental Indus. Ltd. v. PricewaterhouseCoopers, LLP*, 475 F.3d 824, 833 (7th Cir. 2007).  Taking all of Taylor's factual allegations as true and drawing all reasonable inferences in his favor, the Court finds as follows:

On May 18, 2008, Taylor attempted suicide as a result of deficient mental health treatment or a general lack thereof.  Taylor was subsequently given medical treatment, placed on suicide watch for several days, and provided mental health treatment once again.   The deficient treatment or deficiency thereof that caused Taylor to attempt to take his own life had been ongoing for some time prior to May 18.  If the Court understands Taylor correctly, he had been

---

[1]The substantive implications of *Twombly* include recognition that, in order to provide fair notice of the grounds for his claim, the plaintiff must allege sufficient facts "to raise a right to relief above the speculative level."  *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The complaint must offer "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."  *Id*.  The plaintiff's pleading obligation is to avoid factual allegations "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under [Federal] Rule [of Civil Procedure] 8."  *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).  However, "when a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder."  *Twombly*, 550 U.S. at 563 n.8.

denied treatment as early as September 16, 2007.[2] Taylor filed a grievance concerning this lack of treatment around September 16 that was ultimately denied by the Administrative Review Board presiding over appeals of such grievances. (*See* Doc. 1, p. 24).

On July 31, 2008, by way of 42 U.S.C. § 1983, Taylor filed this action against Defendants and other who have since been dismissed for acting with deliberate indifference in denying him mental health treatment. (Doc. 34, p. 6) ("Plaintiff's claims are that Defendants denied him adequate mental health care [sic] for suicidal ideations [sic], depression and other issues and were thus deliberately indifferent to his serious medical/mental health needs continually from the end of 2007 [including the week of September 16] to the date of filing of the instant Complaint/motion . . . ."). On November 4, 2010, Magistrate Judge Frazier held a *Pavey* hearing, in which Taylor appeared via video conference from Tamms Correctional Center, to determine whether Taylor exhausted his administrative remedies. During the *Pavey* hearing, Taylor admitted that the only grievance for which he exhausted his administrative remedies was for the denial of treatment during the week of September 16. As chronicled in his R&R, Magistrate Judge Frazier ultimately found, *inter alia*, as follows: 1) Taylor failed to sufficiently allege that the denial of mental health treatment around September 16 directly led to his suicide attempt; 2) Taylor could not point to a specific date or period for which a lack of mental health treatment led to his suicide attempt; and, 3) Taylor undisputably failed to complete the formal

---

[2]Although Taylor maintains that he was denied mental health treatment during the week of September 16, this is contradicted by an attachment to his Complaint (Doc. 1). Namely, a letter certifying exhaustion of Taylor's grievance for lack of treatment around September 16 states that "[Taylor] was assessed 8/25/07, 9/7/07 and *9/17/07*." (Doc. 1, p. 24) (emphasis added). Nevertheless, the Court will give Taylor the benefit of the doubt and assume he did not receive treatment the week of September 16.

grievance process for a lack of mental health treatment following September 16. These findings led Magistrate Judge Frazier to recommend to this Court that the instant motions be granted and that Taylor's case be dismissed.

## ANALYSIS

After reviewing a report and recommendation, the Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in the report. Fed. R. Civ. P. 72(b). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). Since Taylor objected to most, if not all, of Magistrate Judge Frazier's findings, the Court reviews the R&R *de novo*.

A prisoner may not file a § 1983 suit "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Woodford v. Ngo*, 548 U.S. 81, 85 (2006). Taylor objects to the three aforementioned findings of Magistrate Judge Frazier on the following two grounds: 1) Taylor exhausted his administrative remedies or permissibly circumvented exhaustion by writing directly to agents of the director of the Illinois Department of Corrections ("IDOC"); and, 2) the denial of mental health treatment around September 16 and other unspecified denials directly caused Taylor's suicide attempt.

As for his first argument, Taylor heavily once again relies upon 730 ILCS 5/3-8-8(c) and documentation he received from employees of the Illinois Department of Correction (*see* Doc. 1, p. 17-18, 21-24). However, as Magistrate Judge Frazier explained in his R&R, 730 ILCS 5/3-8-

4

8(c) is an enabling statute, which states that "[established] procedures [concerning review of grievances of committed persons] shall allow committed persons to communicate *grievances* directly to the [IDOC] Director or some person designated by the Director outside of the institution or facility where the person is confined."  730 ILL. COMP. STAT. ANN. 5/3-8-8(c) (West 2010) (emphasis added).  The statute does just what it says: it requires that all established grievance procedures allow inmates to communicate grievances directly with the IDOC director or some person designated by him from outside the facility of confinement.  It does not state that communications with the IDOC director or his designee can or will act as initiation, exhaustion, or circumvention of the grievance procedure.  If anything, the statute makes clear that communications maintained thereunder are premised on the filing of a grievance.

      Here, as admitted by Taylor at the *Pavey* hearing, the grievance concerning the week of September 16 represents the only formal grievance filed and exhausted.  The nature of that grievance was very specific, namely Taylor complained that he was "to have had mental health treatment the entire week of September 16, 2007."  (Doc. 1, p. 24).  The other documentation which Taylor touts was sent to him in response to general correspondence, not formal grievances, that he maintained following exhaustion of the grievance regarding September 16. *See, e.g., id.* at p. 21 (letter sent by Deputy Director Danny Hartline to Taylor on April 2, 2008, opening with "[t]his is in response to your March 25, 2008 letter received in my office on March 27, 2008. . . .")   The Court simply fails to see the connection between the very specific grievance concerning September 16, communications Taylor maintained with IDOC employees after its exhaustion, and 730 ILCS 5/3-8-8(c).  If Taylor was continually denied mental health treatment,

5

he should have continued to file formal grievances and seen them through to their conclusion. The Court agrees with Magistrate Judge Frazier's finding that Taylor did not complete the formal grievance process for any lack of mental health treatment other than the week of September 16.

Taylor's second argument is that denial of mental health treatment from September 16 up to his suicide attempt served as the proximate cause of the attempt on his own life. However, Taylor is limited in this argument as he only exhausted the grievance process regarding the week of September 16 for the reasons discussed *supra*; as such, denial of mental health treatment during that time must have been the direct cause of his suicide attempt if his § 1983 claim is to continue. Despite the fact that *Twombly* creates a favorable standard of review for plaintiffs, the Court cannot reasonably infer that the denial of treatment in September led to Taylor's suicide attempt eight months later. Moreover, the documentation which Taylor attached to his Complaint (Doc. 1) indicates that Taylor refused offered mental health treatment shortly before his suicide attempt. (*See, e.g.,* Doc. 1, p 21) (letter sent by Deputy Director Danny Hartline to Taylor on April 2, 2008, stating "[u]pon learning of your thoughts of self-harm, a mental health professional was immediately sent to see you and offered emergency services[,] [however,] [d]ocumentation reflects that you refused mental health services. . . . "). While the Court disagrees with Magistrate Judge Frazier's findings on this issue,[3] the Court nevertheless holds that Taylor's argument here must fail as well.

---

[3] Namely, the Court disagrees with Magistrate Judge Frazier that Taylor failed to sufficiently allege the link between September 16 and his suicide attempt. Paragraph 36 of Taylor's Complaint (Doc. 1) effectively establishes this chain under *Twombly*. In addition, despite Magistrate Judge Frazier's finding, the Court holds that Taylor appropriately specified the week of September 16 and weeks thereafter as contributing to his suicide attempt.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** Magistrate Judge Frazier's R&R (Doc. 33) **as modified herein**, whereby the Court **GRANTS** Caliper's Motion to Dismiss (Doc. 17) and Kachigian and Couch's Motion to Dismiss (Doc. 21).  The Court finds oral argument on the issues presented to be unnecessary and hereby **DENIES** Taylor's Motion for Oral Argument (Doc. 36).  Further, the Court **DISMISSES** Caliper, Kachigian, and Couch **without prejudice**.[4]  Finally, the Court **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED**
**DATED: April 1, 2010**

                                         s/ J. Phil Gilbert
                                         **J. PHIL GILBERT**
                                         **DISTRICT JUDGE**

---

[4]Dismissal of defendants for plaintiff's failure to exhaust his administrative remedies should be without prejudice.  *Teal v. Potter*, 559 F.3d 687, 693 (7th Cir. 2009).